North-Eastern Construction Company, Appellant, *v.*
The City of New York, Respondent.

New York (city of) — contract — construction and effect of con-
tract for furnishing and installing mechanical and electrical
equipment on certain public piers in city of New York.

Upon consideration of numerous and detailed provisions of a con-
tract for furnishing and installing mechanical and electrical equip-
ment on certain piers in the city of New York, *held*, that the
obligation to make certain necessary alterations in the work as con-
structed rested on the city rather than upon plaintiff and it is
liable therefor. *Held, further*, that the plaintiff was required to
furnish material and help necessary for making a test of the equip-
ment which was required to be made under the contract prior to the
acceptance of the plant by the city.

*North-Eastern Construction Co.* v. *City of New York*, 160 App.
Div. 884, reversed.

(Argued January 20, 1916; decided February 29, 1916.)

Appeal from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered January 9, 1914, affirming a judgment in favor
of defendant entered upon a dismissal of the complaint by
the court at a Trial Term.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Chase Mellen* for appellant. The specifications under
each of the five separate classes into which they are
divided are separate and distinct from the specifications
under any other class thereof, except so far as the specifi-
cations under one class are expressly referred to in the
specifications of another. The court erred in holding
otherwise. (*Deckert* v. *Municipal El. L. Co.*, 9 App.
Div. 573; *Aultman & Taylor Co.* v. *Syme*, 163 N. Y. 54;
L. 1901, ch. 466, § 419; *Sandford* v. *Brown Bros. Co.*,
134 App. Div. 652.) The city was bound to prepare the
hatchways at its own cost. Plaintiff preserved its rights

·and is entitled to compensation for the cost involved in obeying, under protest, the instructions of the engineer. (*Borough Const. Co.* v. *City of New York,* 200 N. Y. 149; *Mulholland* v. *Mayor, etc.,* 113 N. Y. 631; *Horgan* v. *Mayor, etc.,* 160 N. Y. 516.) The court erred in dismissing the complaint in respect of the claim for the cost of coal, engineers' and firemen's wages incurred by plaintiff in operating the generating plant. (*Walls* v. *Bailey,* 49 N. Y. 464; *Rickerson* v. *Hartford Fire Ins. Co.,* 149 N. Y. 307; *Robinson* v. *N. Y. & Texas S. S. Co.,* 63 App. Div. 211; *Robinson* v. *U. S.,* 13 ·Wall. 363; *Miller* v. *Fischer,* 142 App. Div. 172; 1 Greenl. on Ev. [14th ed.] § 298; *Bliven* v. *New England School Co.,* 23 How. 420; *Kitching* v. *Brown,* 180 N. Y. 414; *Syers* v. *Jonas,* 2 Exch. 111; *Smith* v. *Wilson,* 3 B. & Ad. 728; *Van Ness* v. *Packard,* 2 Pet. 137; *Newhall* v. *Appleton,* 114 N. Y. 140; *Thomas* v. *Scutt,* 127 N. Y. 133; *McIntosh* v. *Miner,* 53 App. Div. 240; *Schipper* v. *Milton,* 51 App. Div. 522.)

*Lamar Hardy, Corporation Counsel* (*Charles J. Nehrbas* and *Terence Farley* of counsel), for respondent. The plaintiff is not entitled to recover for the cost of coal furnished, nor for the services of firemen and engineers required for the testing of the electric generating plant. (*Hopedale El. Co.* v. *El. S. B. Co.,* 96 App. Div. 347; 184 N. Y. 356; *Hooper* v. *Sage,* 112 N. Y. 530; *O'Donohue* v. *Leggett,* 134 N. Y. 40; *Collender* v. *Dinsmore,* 55 N. Y. 200.)

Hogan, J.   The plaintiff entered into a contract with defendant to furnish and install mechanical and electrical equipment on certain piers in the Chelsea section of the borough of Manhattan. The plaintiff alleged that it fully performed the contract; that during the performance of the same it was wrongfully and unlawfully ordered and compelled by the engineer and commissioner

of docks and ferries to do certain work and to furnish certain materials, which said officers insisted and claimed plaintiff was required to do and furnish under the terms of said contract, and notwithstanding its protest and denial to the contrary, it was required to and did perform such work and furnish such materials. This action was brought to recover damages for a breach of the contract.

The work for which plaintiff sought to recover was of two classes: (a) Preparing hatchways, including the extension of the same above the roof level, and cutting of pent houses over the passenger elevator shafts; (b) furnishing and delivering coal, three hundred and six tons, and labor for firing boilers in connection with portions of electrical generating plant.

The contract in question covered nine several piers. The invitation to bidders divided the whole work into five several classes. The specifications annexed to and forming a part of the contract contain articles one to twenty-six under "General Conditions." The work is then specified under separate classes, five in number.

The separate "classes" necessary to be considered here are class one, entitled "Electric Generating, Distributing and Lighting Equipment;" class two, entitled "Boiler and Mechanical Draft Plant, Steam Piping, Auxiliaries, Heating, etc.;" and class three, entitled "Elevators."

Under the last class elevators were to be furnished by the contractor complete and ready for operation, but provision was not made as to the particular make of elevators to be supplied. Article 217 of this class provided: "The city will prepare hatchways including the extension of the same above the roof level where the extension is necessary to allow the car to travel to the top landing and the making of necessary pit at proper distance below the lowest level. All machinery shall be carried overhead," etc.

The plaintiff seeks to recover for preparing the hatchways including the extension of the same above the roof

level and cutting the pent houses over the passenger elevator shafts, asserting that defendant having constructed the hatchways as above stated the work required of plaintiff was work the city covenanted to perform, and the latter having approved a pattern of elevators it was the duty of the city and not the duty of plaintiff to perform the same. The trial justice at the close of plaintiff's case so held, but at the close of the trial his attention was called to the following provision of the contract under class one, entitled "Electric Generating, Distributing and Lighting Equipment," and being article twenty-seven of the same: "The piers have been constructed with the intention of installing upon them the apparatus called for in these specifications and accompanying plans or apparatus reasonably similar thereto. Should the city accept a proposal for this class of work based upon other apparatus than that specified or drawn, and should the apparatus so accepted require changes in the work of making the piers the cost of making these changes shall be borne by the contractor," which provision the trial justice read in connection with article one hundred ninety-six of the contract, found under class three, denominated "Elevators," as follows, "Special attention is called to articles one to twenty-six of the specifications which clauses in general apply to work supplied under this division," and thereupon he granted a motion of counsel for defendant to dismiss the complaint.

The clause first above quoted from article twenty-seven was not included in the article embodying "General Conditions" to which special attention was called, neither was it embraced in the specifications relating to elevators, class three. It was included in class one relating to power plants, electrical details, fixtures, etc., and the trial justice held that the effect of the language used was to require the changes in question to be made at the expense of the contractor. I think such construction of

the contract was unwarranted. The city prepared the contract and specifications, which are lengthy and specific in detail. Had it been the intention of the parties to make applicable to the entire work that requirement of the specifications, why was it not included in the "General Conditions," articles one to twenty-six, which were specifically made applicable to the entire work. It was an important provision of the contract and the contractor had a right by reason of the absence of the same under "General Conditions" to consider that the clause in question was confined to the work to be performed under class one where the provision was found rather than every class provided for.

Article twenty-seven was not included in article one hundred ninety-six where defendant's special attention was called to articles one to twenty-six as pertaining to elevators. The omission of article twenty-seven in that clause indicated an intention on the part of the city to confine the application of the same to work specified in the "class" where the same was included, and when it is read in connection with the work to be done thereunder may be given full force and effect to that "class" of work, but the contract and specifications cannot be construed to make the clause applicable to work specified in class three, "Elevators." The city having constructed the hatchways and approved of a pattern of elevators submitted by plaintiff, alterations in the hatchways as constructed being necessary to permit the elevators approved by the city to be operated therein, the obligation rested on the city to make such alterations rather than on the plaintiff.

With reference to the claim of plaintiff for coal, etc., under the head of class one, "Electric Generating, Distributing and Lighting Equipment," provision was made that when the docks and equipment are sufficiently completed to require the occupation of the electric generating plant, the contractor shall· furnish a competent crew to

operate the plant for the period of six days during which time it was required to make proper tests of the equipment and be responsible for the operation of the plant until it was accepted by the city.    The coal sought to be recovered for by the contractor was used in generating steam to run the plant for the purposes of making the test prior to the acceptance of the plant by the city.

Upon the trial of the action the court held in substance that plaintiff having agreed to make the tests was required to furnish all the material and help necessary to complete said tests, and consequently was required to furnish the coal and help and for that item he was not entitled to recover.    We think that question was properly determined by the trial court.

The judgment should be reversed and a new trial granted, but, as both parties to this appeal have succeeded in part, no costs in this court should be awarded.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN and POUND, JJ., concur; CUDDEBACK and SEABURY, JJ., dissent.

Judgment reversed, etc.